UNITED STATES of America,

v.

Richard James THOMAS, Defendant.

No. 68 Cr. 21.

United States District Court
S. D. New York.

Sept. 20, 1968.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for United States; Abraham D. Sofaer, Asst. U. S. Atty., of counsel.

Anthony F. Marra, New York City, for defendant; Edward S. Panzer, New York City, of counsel.

OPINION

WEINFELD, District Judge.

The defendant moves pursuant to Rule 41 of the Federal Rules of Criminal Procedure to suppress evidence as unlawfully seized without a warrant. On November 26, 1967, close to midnight, he was a passenger in the rear seat of an automobile operated by one Joseph Williams. At the intersection of Morningside Avenue and 123d Street, John F. Sullivan, a New York City patrolman checking operators' licenses and vehicle registrations, signalled Williams to pull over to the curb. As Sullivan stood at the driver's window, he observed defendant take a small packet from inside his coat pocket, crouch down and slip it under the rear of the front seat. When the driver stated that he had neither license nor registration in his possession, Sullivan placed him under arrest and ordered him out of the car. Sullivan also asked the defendant and a fellow passenger, Vann, to accompany him to the stationhouse for investigation. When they got out of the car, he and two foot patrolmen frisked all three occupants. Sullivan then signalled a passing patrol car, which picked up defendant and Williams; Sullivan and his partner drove Williams' car with Vann in the front seat between them. The two vehicles proceeded to the stationhouse three blocks away, which they reached within a minute. While the other patrolmen took defendant, Williams and Vann inside the building, Sullivan remained behind to search the Williams

car. From Sullivan's arrest of Williams to his search of the car, about one minute elapsed. In the car he found the packet which earlier he had observed defendant place under the front seat. It contained the postal money orders that underlie the present prosecution.

■ By New York statute, Williams' failure to produce the car's registration certificate for inspection was presumptive evidence that the vehicle was not registered—a misdemeanor.[1] It is, however, unnecessary to determine whether the search of the car, based upon such a violation, was permissible under federal constitutional standards;[2] the court does not reach the questions whether Sullivan's search in this case was unduly remote in time and place from the arrest,[3] or whether its scope was " 'strictly tied to and justified by' the circumstances" under which Sullivan arrested the driver.[4] The search was valid as incidental to the arrest of the defendant himself. Sullivan was authorized to stop the car to conduct his routine traffic check;[5] defendant's attempt in Sullivan's presence to hide the packet under the front seat justified both Sullivan's belief that criminal activity was afoot and his arrest of the defendant.[6] An arrest occurred when the police officers frisked defendant and placed him in the patrol car;[7] the subsequent search under the seat was functionally related to defendant's arrest and therefore properly incidental to it.[8]

The motion to suppress is denied.

1. N.Y.Vehicle & Traffic Law, § 401 subds. 1(a), 4, 18 (McKinney's Consol.Laws, c. 71, 1960).

2. Compare Grundstrom v. Beto, 273 F. Supp. 912 (N.D.Tex.1967) (evidence of motel robbery inadmissible where police stopped driver because of noisy muffler); People v. Marsh, 20 N.Y.2d 98, 281 N.Y. S.2d 789, 228 N.E.2d 783 (1967) (evidence of gambling slips inadmissible where defendant arrested for speeding), with Sumrall v. United States, 382 F.2d 651 (10th Cir. 1967), cert. denied, 389 U.S. 1055, 88 S.Ct. 806, 19 L.Ed.2d 853 (1968) (evidence of bank robbery admissible; speeding and lack of operator's license); Mendoza v. United States, 365 F.2d 268, 274 (5th Cir. 1966) (evidence of needle marks on defendant's arm admissible; reckless driving, speeding and lack of operator's license); Welch v. United States, 361 F.2d 214 (10th Cir.), cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L. Ed.2d 103 (1966) (evidence in glove compartment indicating car theft; lack of operator's license and vehicle registration); Durham v. Haynes, 258 F.Supp. 452 (E.D.Mo.), aff'd, 368 F.2d 989 (8th Cir. 1966), cert. denied, 390 U.S. 959, 88 S.Ct. 1054, 19 L.Ed.2d 1154 (1968) (evidence of burglary and stealing; driver's failure properly to display rear license and littering of the highway).

3. Cf. Preston v. United States, 376 U.S. 364, 367–368, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); United States ex rel. Montgomery v. Wallack, 255 F.Supp. 566 (S.D. N.Y.1966).

4. Terry v. State of Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). Cf. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) (arrest for vagrancy; search uncovered evidence of conspiracy to rob bank).

5. N.Y.Veh. & Traf.Law, § 401 subd. 4 (McKinney 1960); People v. Hoffman, 24 A.D.2d 497, 498, 261 N.Y.S.2d 651, 653 (2d Dep't 1965).

6. N.Y.Code Crim.Proc., § 177 (McKinney Supp.1967); cf. Rios v. United States, 364 U.S. 253, 262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960).

7. Although Sullivan testified that he placed defendant under arrest only after they reached the stationhouse, "it is clear that the arrest had for purposes of constitutional justification already taken place before the search commenced." Sibron v. State of New York, 392 U.S. 40, 67, 88 S.Ct. 1889, 1905, 20 L.Ed.2d 917 (1968). When Sullivan ordered defendant out of the car, another patrolman frisked him, and Sullivan asked defendant to accompany him to the stationhouse; at that point he had "curtailed [Thomas'] freedom of movement on the basis of probable cause to believe he was engaged in criminal activity." Id.; cf. Terry v. State of Ohio, 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968).

8. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).