Gabrielli, J.
In the late evening of November 4,1970, defendant was stopped by a policeman for driving his car with high beam headlights. In making a routine inquiry, the patrolman requested defendant to produce his operator’s license and registration. The vehicle identification number on the registration coincided with the identification number on the vehicle but a further check with the National Auto Check Book revealed that the number did not call for the vehicle in question, whereupon the officer arrested defendant “ on the charge of altered identification number ” and, without further inquiry, immediately conducted a search of the defendant’s person. The nature and extent of the search is best described by the officer’s testimony:
‘ ‘ Q. When you placed the defendant under arrest, tell us how you searched him? # # *
“ Q. Officer, did you frisk him?
“A. I placed the defendant’s two hands on the roof of the radio car and I went through his person.
“ Q. So it’s more than just a frisk. You actually went into his pockets?
“ A. I searched him, yes.”
This search disclosed marijuana in his coat pocket; and a search of the car, conducted immediately thereafter, disclosed additional marijuana, a scale and a quantity of manila envelopes. The defendant was thereafter arraigned on charges of possession of the marijuana and possession of a motor vehicle with an altered identification number.
We are called upon to consider the validity of a warrantless search of the defendant’s person, followed by a search of his vehicle, incident to his arrest for a violation of section 422 of the Vehicle and Traffic Law which, in pertinent part provides *454 that 1 ‘ any person having possession for more than thirty days of a motor vehicle * * # the identification number of which has been destroyed, removed, [or] defaced * * * without having made application to the commissioner for permission to make or stamp on new number * * * shall be guilty of a misdemeanor, and punishable by a fine of not less than twenty-five dollars nor more than fifty dollars.”
The touchstone of the Fourth Amendment guarantee against illegal searches is reasonableness (Terry v. Ohio, 392 U. S. 1, 19-20; United, States v. Rabinowitz, 339 U. S. 56, 63; United States v. Robinson, 471 F. 2d 1082, 1091, 1097) and, in assessing the test of reasonableness, our courts, as well as those of our sister States “ ‘ have refused to establish a uniform rule to govern all searches accompanying valid arrests, but rather have examined the nature of the offense and the surrounding circumstances to determine whether the search was warranted ’ (People v. Watkins, 19 111. 2d [11], supra at p. 18) ” (People v. Marsh, 20 NT 2d 98,103).
Initially, it should be carefully noted that it is not, and indeed could not be, contended that the search of the defendant was a mere frisk, or that the officer was in jeopardy, or that the contraband seized was in plain view, or, in fact, that there were any suspicious movements (cf. Terry v. Ohio, 392 U. S. 1, supra-, Sibron v. New York, 392 U. S. 40; Harris v. United States, 390 U. S. 234; Ker v. California, 374 U. S. 23; United States v. Drew, 451 F. 2d 230; United States v. Thomas, 289 F. Supp. 364). The prosecution based its sole authority and claim to conduct the search on the initial traffic arrest and, in fact, stipulated at the suppression hearing that “ the basis of any search or seizure in this case was the fact that the defendant was placed under arrest for the 422 violation ” and, more importantly, it was further conceded that ‘ ‘ the officer, for the purposes of this motion, did not have probable cause independent of that violation ’ \
A search may not of course be exploratory in nature but must be specific in its initiation and its scope (see Coolidge v. New Hampshire, 403 U. S. 443; United States v. Rabinowitz, 339 U. S. 56, 62-63, supra); and the lawfulness of an arrest will not always justify an otherwise illegal search and, in fact, ‘ ‘ General or exploratory searches are condemned even when they are incident to a lawful arrest. United States v. Rabinowitz, 339 U. S. *455 at 62 ” (Amador-Gonzalez v. United States, 391 F. 2d 308, 313; Carlo v. United States, 286 F. 2d 841, 846).
As noted, the defendant’s person was first subjected to a search which was the predicate for and led to the subsequent search of the car. It is generally accepted that, based on reasonable grounds, the legitimate objective of a warrantless search incident to arrest are to permit the ‘ ‘ (1) seizure of fruits, instrumentalities and other evidence of the crime for which the arrest is made in order to prevent its destruction or concealment; and (2) removal of any weapons that the arrestee might seek to use to resist arrest or affect his escape ” (United States v. Robinson, 471 F. 2d 1082, 1093, supra; see, also, Preston v. United States, 376 U. S. 364, 367; People v. Lewis, 26 N Y 2d 547, 552).* None of these grounds is here present.
Having produced his license and registration and in the absence of any showing that the defendant was unable to explain satisfactorily or answer any questions concerning the identification number, it is unlikely and certainly unreasonable to assume that, in the circumstances of this case, a search of the defendant’s person was properly an incident to the arrest. Lacking is any foundation for a justifiable belief that a search would satisfy the constitutionally protected requirements therefor.
We hold in this case that a violation of section 422 of the Vehicle and Traffic Law, without more, will not sustain this search. In reaching this conclusion we have carefully weighed the need to search along with the governmental interest to justify the search, against the intrusion upon the constitutionally protected interests of private citizens.
The order of Appellate Term should be reversed and the order of the Criminal Court of the City of New York should be reinstated.

 In Coolidge v. New Hampshire (403 U. S. 443, 454-455) the court further delineated the rules by stating that “the most basic constitutional rule in this area is that 1 searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.’ The exceptions are 1 jealously and carefully drawn’, and there must be 1 a showing by those who seek éxemption * * that the exigencies of the situation made that course imperative ’. ‘ [T]he burden is on those seeking the exemption to show the need for it.’ ”