Marie G. Santagata, J.
This pretrial hearing was held as A result of a motion made by the defendant to suppress the use of a hypodermic needle as evidence on trial. It is contended by the defendant that the search was violative of the defendant’s constitutional rights because it was conducted incidental to an arrest for a traffic infraction.
On January 3, 1974 Patrolman Gregory Pedersen was on a routine patrol when he observed a 1971 Chevrolet weaving down the road. He stopped the car and asked the defendant driver to produce his operator’s license and automobile registration. When the defendant did not produce a license, the officer placed him under arrest. Thereafter, the officer directed the defendant to empty his pockets. As he placed the contents of the pockets on the trunk lid, the patrolman observed a hypodermic needle and a packet of white substance which he believed to be heroin.
-CPL 140.-10 states that a police officer may arrest for a traffic infraction. It is a right, however, that has been limited by law *650 and philosophy as evidenced by both legislative enactments and the United 'States Constitution.
The aforesaid section gives the police officer permisssive authority to arrest for a traffic infraction. It is a right which is conditioned on the exercise of discretion. This right to arrest must be interpreted in light of the legislative philosophy expressed in section 155 of the Vehicle and Traffic Law, which states that ‘ ‘ A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof.” An outline of the procedure to enforce the Vehicle and Traffic Law is set forth in section 207 which provides for a uniform summons and complaint to be issued by the police officer to the motorist charged with a traffic infraction which may be answered by mail, or by appearance in court or before an administrative agency.
The Legislature never intended to authorize the wholesale arrest of traffic violators, or to convert a traffic violator into a criminal. If a police officer issues a summons to appear to one traffic violator, and arrests another for the same infraction, absent distinguishing factors the person arrested has been denied his fundamental right of equal protection under the laws in accordance with the Fourth and Fourteenth Amendments of the United States Constitution.
Inequality in the treatment of the two motorists is patently manifest. The summoned violator accepts his ticket, drives off in the comfort of his vehicle to the comfort of his home, his freedom intact, to answer the summons with dignity. Conversely, the arrested violator is handcuffed, hustled into a police vehicle, placed in detention with the common felon, and often subjected to an horrendous invasion of his person by a search. This motorist has been denied his liberty without due process of law contrary to the Fourteenth Amendment of the United States Constitution and may, in some instances, be subjected to conduct which is tantamount to cruel and inhuman treatment as proscribed by the Eighth Amendment of the Constitution.
The requirements of law enforcement are satisfied by the issuance of a summons, and a police officer should not be permitted to deviate from that normal ordinary procedure of summoning a defendant on a minor traffic infraction without further cause. A police officer may arrest for a minor traffic infraction only when there is probable cause to believe that the offender is guilty of an offense other than the simple traffic *651 infraction, or there are special circumstances in addition to the commission of the alleged traffic infraction.
In the recent United States Supreme Court decision of Gustafson v. Florida (414 U. S. 260), decided on December 11, 1973, the court, under almost the identical fact pattern that appears before this court, upheld the search as incidental to a valid arrest. However, in that case the validity of the arrest was conceded. Had it been challenged on the ground that an arrest for a minor traffic infraction violated the defendant’s constitutional rights, the decision may have been otherwise. (See concurring opn. of Mr. Justice Stewart.)
It is elementary that unless there is a lawful arrest, there can be no lawful search. In Hew York even in those instances' where the validity of the arrest has been conceded, the courts have consistently held that a full custodial search is prohibited when the arrest is predicated on a traffic violation. (People v. Marsh, 20 N Y 2d 98; People v. Adams, 32 N Y 2d 451.)
This continues to ibe the law of this State (People v. Kelly, 77 Misc 2d 264), and will remain so until overruled by appropriate decision or legislative enactment.
In the case before the court, the patrolman arrested the defendant for allegedly driving without a license, a traffic infraction. There were no other special circumstances to warrant the arrest. This violated the protections afforded the subject defendant and each person by the Fourth and Fourteenth Amendments. of the United .States Constitution, and is not a lawful arrest.
Therefore, any ensuing search was improper.
The motion to suppress is granted.