Chief Judge Breitel.
The principal issue on this appeal is whether, and to what extent, a search of the person is authorized as incident to a custodial detention for a misdemeanor traffic violation.
Defendant Troiano was arrested on the evening of January 8, 1969 pursuant to a warrant issued six days earlier authorizing his arrest upon the misdemeanor charge of driving while license suspended or revoked (Vehicle and Traffic Law, § 511). The arresting officer exhibited the warrant, and told defendant he was under arrest. He then asked Troiano to place his hands on the police car and began “ a search or frisk of his person ”. A “ hard object ” in the waistband of the trousers was found to be a loaded revolver and was confiscated. Troiano was subsequently indicted for possession of a loaded firearm (Penal Law, § 265.05, subd. 2). Troiano’s motion to suppress the revolver was denied; he was found guilty as charged after a jury trial; he was sentenced from up to seven years imprisonment ; and his conviction was affirmed by the Appellate Division. Troiano contends that no search of the person is authorized *478 incident to an arrest for a traffic violation and that the revolver should have been suppressed.
So long as the person is being taken into custody, he has lost whatever interest in privacy he had before arrest, the taking into custody itself being the grossest intrusion upon his privacy (see United States v. Robinson, 414 U. S. 218, 237 [concurring opn. by Mr. Justice Powell] ; People v. Perel, 34 N Y 2d 462, 467). Moreover, revolvers and pistols are not the only deadly implements; there are razor blades, flat knives, poisons, the hatpins of another day but still available, letter bombs, plastic bombs, and similar soft and “hard” objects with lethal potential. Indeed, even the pistol may come in form difficult of discovery by frisk, namely, the small flat .25 or .22 calibre automatic pistol. Still further, there is no doubt that once the arrested person is taken to the place of detention a full inventory search is merited for his protection and that of his property, as well as for the safety of his custodians and fellow-prisoners (People v. Perel, supra, at p. 468).
There is, perhaps, an area of traffic violation “ arrest ” where a full-blown search is not justified, but it might seem to be confined to a situation where an arrest was not necessary because an alternative summons was available or because the arrest was a suspect pretext (cf. People v. Marsh, 20 N Y 2d 98; People v. Adams, 32 N Y 2d 451, 455, and dissenting opn. at pp. 456-457; but see A. L. I., Model Code of Pre-Arraignment Procedure [O. D. No. 1, 1972], § SS230.2, including, however, the accompanying note).
In short, so long as an arrest is lawful, the consequent exposure to search is inevitable. If the unnecessarily intrusive personal search is to be restricted, the cure must be iby limiting the right to arrest or to take into custody. No other practical or theoretical limitation seems acceptable if the life and limb of the police officer or the person arrested is to be safeguarded (see A. L. I., Model Code of Pre-Arraignment Procedure, § SS230.2, including note and commentary at pp. 184-185).
Accordingly, the order of the Appellate Division should be affirmed.