Memorandum. Order reversed on the law and motion to suppress denied.
Defendant was arrested for being an unlicensed operator (Vehicle and Traffic Law, § 509). A search of his person revealed a hypodermic instrument as well as heroin. He moved to suppress the evidence and the motion was granted (see 77 Misc 2d 649), resulting in this appeal by the People.
In People v Marsh (20 NY2d 98), where defendant was arrested on a traffic infraction pursuant to a warrant, the Court of Appeals held that a search may not be conducted as incident to a lawful traffic arrest. This rule was reiterated in People v Coleman (24 NY2d 1005) which involved an arrest for walking on a parkway, and extended to traffic-related misdemeanor arrests in People v Adams (32 NY2d 451). Thereafter, in United States v Robinson (414 US 218) and Gustafson v Florida (414 US 260) the United States Supreme Court sustained searches in traffic-related arrests, holding that such searches did not violate any right granted by the Federal Constitution.
Subsequent to the United States Supreme Court decisions in Robinson and Gustafson, our Court of Appeals decided People v Perel (34 NY2d 462) and People v Weintraub (35 NY2d 351). While neither case involved a traffic offense, they are nevertheless significant. In Perel, the court pointed out that an arrest for a particular offense may not carry the right to engage in a full-blown search because as a matter of State law such séarches are found to be unreasonable. In Weintraub, it was pointed out that Marsh reasoned from legislative design as well as Federal and State guarantees against unreasonable searches and seizures, that the right to search is broader *14 under the Federal Constitution and that Marsh and Adams insofar as they are predicated on the Federal Constitution, must be read with the Supreme Court’s decision in Robinson. Judge Wachtler, in a concurring opinion, emphasized the fact that Marsh was primarily an expression of State policy and that the court’s decision in Weintraub (wherein a search following an arrest for trespass was held constitutionally valid) should not be considered a subtle undermining of the Marsh rule.
In People v Troiano (35 NY2d 476) the court was faced with the issue of whether, and to what extent, a search of the person is authorized as incident to a custodial detention for a misdemeanor traffic violation. The search was sustained with the court stating that so long as a person is being taken into custody, he has lost whatever interest in privacy he had before the arrest, and that so long as an arrest is lawful, the consequent exposure to search is inevitable (it appears that while the court speaks of a search what may have actually been involved was a frisk; see concurring opinion of Judge Rabin). However, the court also stated (p 478): "There is, perhaps, an area of traffic violation 'arrest’ where a full-blown search is not justified, but it might seem to be confined to a situation where an arrest was not necessary because an alternative summons was available or because the arrest was a suspect pretext (cf. People v Marsh, 20 NY2d 98; People v Adams, 32 NY2d 451, 455, and dissenting opn. at pp 456-457; but see A. L. I., Model Code of Pre-Arriagnment Procedure [O. D. No. 1, 1972], § SS230.2, including, however, the accompanying note).” We note that in the dissenting opinion in Adams, Judge Jasen, while being of the opinion that the search there was valid because a misdemeanor was involved (a view which the majority in Troiano was evidently adopting), nevertheless stated that "we should not condone a search of an arrestee irrespective of the offense which gives rise to the arrest”. The Model Code of Pre-Arraignment Procedure [O. D. No. 1, 1972], in section SS230.2 provides that searches should not be authorized if the arrest is for a violation, traffic offense or misdemeanor which involves no unlawful possession or violent or intentionally or recklessly dangerous conduct. While the view expressed in the Model Code was partially rejected in Troiano by permitting a search incident to a traffic misdemeanor arrest, since the court alluded to the Model Code as well as the dissenting opinion in Adams we believe it was not the *15 intent of the court to sanction full searches in all traffic-related arrests. In our opinion, where only a minor traffic infraction is involved, a search is impermissible absent circumstances justifying the arrest rather than the alternative summons method.
In the case at bar, not only was defendant an unlicensed operator (a charge which until 1973 was a misdemeanor rather than an infraction), but he was operating the vehicle "in a weaving manner from side to side, from lane to lane”. Thus, there was involved the element of recklessly dangerous conduct which may justify an arrest. In any event, we believe an arrest is warranted where a driver is unable to properly identify himself since in such a situation the alternative summons method is not practicable. Defendant had no proper identification. While the officer placed defendant under arrest immediately after learning he was unlicensed and prior to ascertaining that he could not identify himself, we do not view this as in any way altering the legality of the search. This is not a case where the legality of the arrest is sought to be sustained by the result of the search. In such a situation, absent the search, the grounds for an arrest would go undiscovered. Here, the lack of proper identification would have been uncovered even had defendant not been initially arrested and searched and would have culminated in an arrest (cf. People v Fitzpatrick, 32 NY2d 499). We therefore conclude that a custodial arrest and search were proper and the motion to suppress should have been denied.