Memorandum. The order of the Appellate Division is reversed, the judgment vacated, the motion to suppress granted and the case remitted to Supreme Court for further proceedings on the indictment. The court, after a pretrial hearing, improperly denied defendant’s motion to suppress certain evidence as the products of an illegal search and seizure. Although the officers had reasonable cause to stop defendant for driving through a red light, the subsequent search was not incident to a lawful arrest (cf. People v Copeland, 39 NY2d 986; People v Troiano, 35 NY2d 476). A search incident to arrest is justified in the interest of protecting the officer’s safety by assuring that a defendant, in custody, has no weapons or other instruments which might be used to assault the officers or effect an escape (United States v Robinson, 414 US 218), and because the arrest itself constitutes a major intrusion upon the rights of the individual (People v Perel, 34 NY2d 462, 467). Although there may have been reasonable cause to effectuate an arrest for a traffic infraction, no such arrest was made and indeed, Officer Bennett testified that he did not even intend to issue a summons, but was merely "going to give him a warning”. There being no arrest the subsequent search of defendant’s person and his automobile can be justified only if independent reasonable cause existed. At the hearing, Officer Bennett testified that when he asked to see defendant’s motor vehicle registration, the defendant *1066 reached under the waistline of his pants, pulled out several packets of drugs and hurled them into the air, but the suppression court found this testimony "really incredible”. Credibility is a question of fact not generally subject to review in this court (People v Richardson, 41 NY2d 886, 887). The Appellate Division affirmed, and in doing so, it is notable that no new findings were made, even if it be assumed they had the power to do so. Given a finding that the officers’ testimony was not worthy of belief, a review of the record reveals no other evidence whatsoever which would be sufficient to provide reasonable cause for the subsequent search of the defendant’s person and his automobile. Under these circumstances the motion to suppress should have been granted.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.