■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. LENNON and GARY S. BEACH, Appellants.—Kane, J. Appeal from two judgments of the County Court of Franklin County (Plumadore, J.), rendered September 24, 1984, upon a verdict convicting defendants of the crime of criminal possession of a controlled substance in the first degree.

Defendants, Gary S. Beach and Steven J. Lennon, the operator and front seat passenger of a motor vehicle, respectively, were stopped by local police officers in the Village of Tupper Lake, Franklin County, and initially charged with violation of a town open container law. In addition, Beach was charged with driving while intoxicated. The threshold issue to be resolved on this appeal is whether the stop of this vehicle was lawful, for the resolution of all other issues flow from the legality of this initial intrusion.

The arresting officers had been relayed information initiated by off-duty Deputy Sheriff Robert Lemieux in adjoining Hamilton County. Lemieux had reported that at approximately 10:00 A.M. that morning, April 9, 1984, at his mother's home on State Route 30 in the Town of Long Lake, he observed an individual, identified as Beach, urinating on the lawn in front of his mother's residence. Nearby was a light blue four-door vehicle with the front door open on the passenger's side and a dark brown bottle resting on the roof of the car. Lemieux had also observed an individual seated in the driver's seat. When he went outside to speak to the parties, Beach returned to the car and, in spite of his request for them to wait, they drove away in the automobile after an initial hesitation. Lemieux had the opportunity to obtain the license number on the vehicle, and this information was then telephoned to the State Police in a conversation with a trooper with whom he was acquainted, together with his view of the possibility that the operator was intoxicated. After this information was relayed to them by the State Police, officers of the Village of Tupper Lake stopped the designated vehicle less than one-half hour later, after following it for about one quarter of a mile in the Village. In the ensuing search of the vehicle, after defendants' arrest and the seizure of a number of open beer bottles in the vehicle, approximately four ounces of what was later determined to be cocaine and a large amount of cash were found in the vehicle. Both defendants were indicted for criminal possession of a controlled substance in the first degree. Following a suppression hearing, County Court found that since the initiator of the call possessed the requisite probable cause to believe that an illegal act was being committed, the stop by the Village officers was proper. We agree.

The actions of defendants observed by Lemieux provided the requisite "reasonable suspicion" to believe that criminal activity was at hand (People v Sobotker, 43 NY2d 559, 563-564; see, People v Lypka, 36 NY2d 210, 214-215). Accordingly, the hearsay information received by the village officers was sufficient to effectuate a legal stop of defendants' vehicle since it is demonstrated that Lemieux "actually possessed the requisite knowledge" to overcome the challenge to their actions (People v Havelka, 45 NY2d 636, 641; see, People v Lypka, supra, p 214). Therefore, since the original stop was legal, the ensuing search and seizure of the controlled substance was proper (People v Ellis, 62 NY2d 393, 396-397; People v Benjamin, 51 NY2d 267, 269-271).

Next, under the circumstances presented, we find without

merit defendants' contention that County Court erred in its charge when it instructed the jury not to draw inferences from defendants' failure to testify *(People v Vereen,* 45 NY2d 856, 857). Moreover, absent any objection to the charge, the issue is not preserved for review on this appeal *(People v Herbert,* 100 AD2d 883, 883-884; *People v Reyes,* 79 AD2d 621). Additionally, County Court properly denied defendants' motion for a mistrial when a police officer witness inadvertently referred to the jacket belonging to one of the defendants which had been suppressed by the court, since the subsequent curative instructions and response by the individual jurors were sufficient to overcome any potential prejudice to defendant *(see generally, People v Patterson,* 83 AD2d 691, 692; *People v Cruz,* 72 AD2d 748, 749).

Finally, we find no error in County Court's failure to charge the jury in regard to the automobile presumption contained in Penal Law § 220.25 (1), since the court's instruction as to constructive possession of the illegal drugs was appropriate and correct *(People v Rodriguez,* 104 AD2d 832, 834), particularly in the absence of any exception or request to charge *(People v Lipton,* 54 NY2d 340, 351). We find the remaining issues, including the assertion of the denial of effective assistance of counsel, totally without merit *(see, People v Baldi,* 54 NY2d 137, 147).

Judgments affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.