■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ALEXANDER, Appellant.—Judgment unanimously affirmed. Memorandum: The initial police conduct in approaching defendant's parked vehicle did not cause the detention of defendant. He was not an occupant of the vehicle and was not present at the scene. Thus his freedom of movement was not interrupted by the initial police action.

In any event, the evidence produced at the suppression hearing demonstrates that the police had an objective credible reason to approach the parked vehicle to make inquiries of the occupant *(see, People v De Bour,* 40 NY2d 210). Before defendant arrived on the scene, the police had reason to believe that there were "switched" plates on the vehicle. After defendant approached the police, he could not produce either an operator's license or proof of insurance, and he admitted that the vehicle was unregistered and uninsured. Radio inquiry revealed that there were outstanding warrants for his arrest. Defendant was lawfully searched incident to his arrest on those warrants *(see, People v Erwin,* 42 NY2d 1064). Thus his suppression motion was properly denied. (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal possession of a weapon, third degree.) Present—Dillon, P. J., Callahan, Denman, Lawton and Davis, JJ.