■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE CAMARRE, Appellant.—Judgment unanimously reversed on the law, motions granted and new trial granted, in accordance with the following Memorandum: On appeal from his conviction of second degree conspiracy, fourth degree conspiracy, first degree criminal possession of a controlled substance, and second degree criminal use of drug paraphernalia, for which he was sentenced to 16 years to life, defendant contends that cocaine found on his person must be suppressed; and that he was deprived of a fair trial by prosecutorial misconduct, by a *Bruton* violation *(Bruton v United States,* 391 US 123), and by various errors of the trial court.

The cocaine found on defendant's person must be suppressed because the seizure was the product of an illegal arrest and detention. The People's reliance on *People v Hicks* (68 NY2d 234, 238) is misplaced. The detention in *Hicks* was significantly different from what occurred here where police handcuffed defendant, frisked him, and confined him to the rear of a patrol car for 30 to 45 minutes. That constituted an arrest and required probable cause, which was lacking. We also reject the People's contention that the arrest was authorized by the second search warrant. Apart from the issue of whether the order to stop defendant was given prior to issuance of the warrant, the warrant provided only for a search of defendant's father's house and the person of codefendant Nicholas Camarre. Finally, we reject the People's contention that the traffic violation justified the arrest and detention. Although an officer is authorized to arrest an individual for committing a traffic offense in his presence *(see,* Penal Law § 10.00 [1]; CPL 1.20 [39]; 140.10 [1] [a]; Vehicle and Traffic Law § 155; *see also, People v Marsh,* 20 NY2d 98), the police may not use their authority to arrest for a mere traffic infraction as a pretext for an otherwise impermissible arrest and search *(see, People v Troiano,* 35 NY2d 476, 478; *People v Adams,* 32 NY2d 451, 455; *People v Marsh, supra,* at 101-102; *People v Llopis,* 125 AD2d 416, 417; *People v Flanagan,* 56 AD2d 658, 660). The record makes clear that, prior to the traffic infraction, the police had determined to stop defendant and arrest him. What occurred was not a traffic arrest, but a full-blown arrest based on suspicion of drug activity, as evidenced by the fact that defendant was frisked and placed in handcuffs. A frisk is impermissible for a mere traffic violation *(see, People v Troiano, supra; People v Adams, supra).* The pretextual nature of the traffic arrest is further illustrated by the fact that the officers transported defendant to the crime scene, where they detained him for 30 to 45 minutes.

Reversal is also required because defendant was denied his right of confrontation (see, Bruton v United States, supra). The prosecutor improperly referred to the statements of the codefendants in his opening statement. The prosecutor's apparent ignorance of the Bruton rule is no excuse. Further, the court erred in allowing the prosecutor to make those references, failing to strike the testimony concerning one of the statements, and referring to that testimony in its charge. Thus, the court erred in overruling the Bruton objection and denying the motion for a mistrial. We cannot conclude that the Bruton error was harmless.

As a result of the aforementioned errors, defendant's conviction must be reversed and a new trial granted. We note that suppression of the drugs seized from defendant does not require dismissal of any counts of the indictment because there was other evidence to establish defendant's role in the conspiracy and his complicity in drug possession. In view of our disposition, it is unnecessary to consider defendant's remaining contentions. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.