THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY D. BARNUM, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered June 30, 1989, upon a verdict convicting defendant of the crimes of driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree.

When State Troopers Ronald Bell and Michael Young observed a 1974 Volvo automobile driving with only one headlight, they followed the car and observed the driver subsequently fail to obey a stop sign and fail to signal before

making a left turn. The patrol car lights were activated to signal the vehicle to stop. The driver initially pulled to the side of the road but then drove off.

A pursuit ensued during which the Troopers were able to focus a spotlight on the fleeing vehicle and to observe that the driver was wearing a dark jacket and a baseball cap. The passenger, who appeared to be smaller than the driver, was wearing a white jacket. Eventually the car left the road coming to rest in a nearby hay field. The Troopers momentarily lost sight of the car during pursuit but soon located it in the field. There they saw a woman wearing a white jacket standing behind the open door on the passenger side. Young further observed defendant standing behind the open door on the driver's side. As the Troopers approached, the couple quickly walked away toward the surrounding woods but were soon apprehended. Defendant was then placed in handcuffs and taken into custody.

Although the passenger claimed that she had been driving the car and signed a sworn statement to that effect, the Troopers disbelieved her because of their own observations of the vehicle during the pursuit. Defendant was placed under arrest for driving while intoxicated and refused to take a breathalyzer test.

Defendant was indicted for operating a motor vehicle while under the influence of alcohol as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) because his driver's license had already been revoked following his conviction of a previous charge of driving while intoxicated. After trial, defendant was acquitted on the driving while intoxicated charge but found guilty of the lesser offense of driving while his ability was impaired as well as the unlicensed operation charge. A fine was imposed and defendant was sentenced to an indeterminate term of imprisonment of 1 to 3 years. Defendant has appealed.

Contrary to defendant's suggestion, the Troopers had probable cause to arrest him. Violations of the Vehicle and Traffic Law provided grounds for both the police surveillance and the subsequent stop *(see, People v Ingle,* 36 NY2d 413, 414; *see also, People v Jennings,* 54 NY2d 518, 522; *People v Erwin,* 42 NY2d 1064, 1065). The Troopers testified that during the ensuing pursuit they had ample opportunity to discern that defendant was driving the car. The traffic infractions, defendant's flight *(see, People v Dread,* 49 AD2d 401, 405, *affd on opn below* 41 NY2d 871; *see also, People v Hearns,* 122 AD2d

955, *lv denied* 68 NY2d 914), his inculpatory statements upon apprehension, the strong odor of alcohol on his breath and Bell's observations, when taken together, provided sufficient probable cause for the arrest for driving while intoxicated *(see, People v Erwin, supra; cf., People v Lennon,* 115 AD2d 119, 120).

We further reject defendant's contention that the evidence was legally insufficient to establish his guilt *(see generally, People v Bleakley,* 69 NY2d 490, 495). Essentially, defendant does little more than attack the People's proof offered by witnesses who testified that he was driving the car. Resolution of witness credibility is a jury function *(see, e.g., People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), here made in favor of the prosecution. We find that the record contains sufficient evidence to sustain the convictions.

Finally, we note that County Court's charge on identification far exceeded the minimal requirements *(see, People v Whalen,* 59 NY2d 273, 278-279) and accurately reflected the law. Accordingly, there was no error. Defendant's remaining arguments were either unpreserved for appellate review or are patently meritless.

Mahoney, P. J., Casey, Mikoll and Harvey, JJ., concur. Ordered that the judgment is affirmed.