■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. GADSDEN, Appellant. [597 NYS2d 256] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the stop of his vehicle for failing to display a front license plate (see, Vehicle and Traffic Law § 402) was a pretext for an unlawful arrest. Based upon the fact that the traffic offense occurred in their presence, the police were justified in stopping the defendant's vehicle (see, Penal Law § 10.00 [1]; CPL 1.20 [39]; 140.10 [1] [a]; Vehicle and Traffic Law § 155; see also, People v Camarre, 171 AD2d 1002, lv denied 78 NY2d 953). Here, unlike Camarre, there is no indication that the police had already determined to stop and arrest defendant prior to the stop. Nor are there any of the other indicia (i.e., an immediate full-blown arrest and an unjustified nonarrest detention of the defendant) which we found indicated the "pretextual nature of the traffic arrest" in Camarre (People v Camarre, supra, at 1002).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), and giving it the benefit of every reasonable inference (see, People v Betancourt, 68 NY2d 707, 709), we conclude that the proof, although entirely circumstantial, was legally sufficient to support defendant's conviction for criminal possession of a controlled substance in the third degree (see, Penal Law § 220.16 [1]). Based upon defendant's possession of a large quantity of cash and the fact that the search of his vehicle produced a large number of ziplock bags and a scale bearing a residue of cocaine and a substance typically used to "cut" the drug, we conclude that the jury reasonably could infer from the proof that defendant possessed the cocaine found in his vehicle with the intent to sell.

The court did not err in permitting testimony that defendant was in possession of 55 $20 bills at the time of his arrest. That proof was relevant on the issue of his intent to sell drugs (see, People v Orta, 184 AD2d 1052, 1054-1055). We find no error in the court's evidentiary rulings; defendant was not denied a fair trial. We have considered defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Steuben County Court, Scudder, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Fallon, Boomer and Boehm, JJ.