■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEAN LESTER, Respondent. [648 NYS2d 615] —Appeal by the People from an order of the Supreme Court, Queens County (Schulman, J.), dated November 29, 1995, which, upon reopening a *Mapp/Huntley* hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence and his statement to law enforcement officials.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence and his statement to law enforcement officials is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

While the People did not properly preserve the issue of the propriety of reopening the *Mapp/Huntley* for appellate review, we reach it in the exercise of our interest of justice jurisdiction *(see,* CPL 470.05 [2]). "A trial court may reopen a pretrial hearing if it 'is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination' of his pretrial application" *(People v Fuentes,* 53 NY2d 892, 894; *see also,* CPL 710.40 [4]). Here, the hearing should not have been reopened. The People had no obligation to turn over the information involved to the defendant. Furthermore, the defendant could have learned about the summonses at issue during the initial hearing simply by asking pertinent questions of the witnesses *(see, e.g., People v Gagne,* 129 AD2d 808).

In any event, suppression of the physical evidence and the statement made by the defendant to law enforcement officials should have been denied inasmuch as the record showed that the officers had grounds to stop the defendant based on their observation of the defendant's violations of the Vehicle and Traffic Law *(see, e.g., People v Erwin,* 42 NY2d 1064). After stopping the defendant, the officers properly asked him for his license and registration *(see,* Vehicle and Traffic Law § 319 [1]; § 401 [1]; § 509 [1]; *see also,* Waxner, New York Criminal Practice § 4.2 [2] [f] [i], at 4-24). Once the defendant admitted that his license had been suspended, and after learning that, in fact, the defendant's license had been suspended about 34 times, the officers properly placed the defendant under arrest *(see, e.g., People v Miller,* 149 AD2d 538) and frisked him incident to that arrest *(see, e.g., People v Troiano,* 35 NY2d 476). Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.