■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIANNET DOM, Also Known as VIANNET ESPINAL, Appellant. [882 NYS2d 32]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 19, 2008, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's arguments that he only committed traffic infractions, and that the officer should therefore have issued a summons rather than arresting defendant and conducting a search incident to that arrest, are unpreserved (*see People v Tutt*, 38 NY2d 1011 [1976]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. In the first place, the officer had probable cause to arrest defendant for driving while intoxicated, which is a misdemeanor. Moreover, even if there was only probable cause to believe defendant committed the traffic infraction of driving while impaired, issuance of a summons, while technically permissible, would not have been a practicable alternative to arrest (*see People v Troiano*, 35 NY2d 476, 478 [1974]). The officer reasonably suspected that defendant's ability to drive had been affected by alcohol, he did not have a driver's license, and the rental agreement revealed that neither he, or any of his passengers, were authorized to drive the rented car. Accordingly, there is no basis for suppression of the knife recovered from defendant's pocket or his subsequent statement.

The plea was not rendered involuntary by the fact that the court did not mention the mandatory surcharge and fees during the allocution (*see People v Hoti*, 12 NY3d 742 [2009]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.