■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. GRIEPSMA, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and defendant remanded to Ontario County Court for further proceedings on the indictment. Memorandum: Defendant contends that the suppression court erroneously concluded that the police had probable cause to arrest him or pat him down in a search for weapons and that any statements made by him should have been suppressed.

The record of the suppression hearing reveals that defendant was a passenger in the rear seat of a Jeep that was stopped by a Village of Newark police office during the early morning hours of November 7, 1983. The officer had first noticed the Jeep, unoccupied and covered with fresh mud, parked in the lot of a 24-hour convenience store. Since there had been a number of incidents of criminal mischief at the local high school, the officer requested a computer check. It revealed that the Jeep was owned by one Daniel West, whose driver's license had been suspended. The officer next observed the Jeep with three occupants proceeding down a nearby street. Its tail lights were not operating and it made an improper turn. The officer stopped the Jeep and asked the driver for his license and registration. When the driver identified himself as Daniel West and failed to produce any driver's license, the officer ordered him out of the Jeep. The officer observed a rifle in the back seat and then ordered the other occupants out as well. The driver was placed under arrest for driving while his license was suspended. In the course of a pat down search of the driver, the officer found marihuana. When West denied that the marihuana was his, the officer arrested all three men for possession of marihuana. Defendant was searched for weapons incidental to this arrest. During the course of this search, the officer felt what seemed to be several plastic bags inside defendant's jacket. He asked defendant what it was, whereupon defendant replied that it was mari-

huana. The officer reached inside the jacket and found several bags of marihuana and a set of scales. Defendant was handcuffed and placed in the police car.

When the officer beamed his flashlight inside the Jeep, he observed two pairs of bolt cutters and a broken padlock. When questioned about these items, West informed the officer that the bolt cutters were his, but that he didn't know where the lock had come from. The officer asked the defendant, who was then in custody and not yet "Mirandized", who owned these items. He replied: "The bolt cutters belong to Danny West. The padlock, we cut off from a gate."

Defendant was taken to the police station where he was advised of his *Miranda* rights and asked whether he wished to talk to the police. Defendant replied that he knew he was already in trouble because he was on probation and that an attorney could not do anything for him now. He agreed to talk with police and told them about a series of criminal activities he and his companions had been involved in earlier that morning as well as a number of other burglaries they had committed. Following denial of his motion to suppress, defendant pleaded guilty to the instant charges.

On appeal, defendant concedes that the police were justified in stopping the Jeep, questioning the driver, placing him under arrest and searching him. He asserts, however, that the police had no probable cause to search him as he was merely a passenger in the stopped vehicle. We agree.

Here, given the officer's observations of several traffic infractions and knowledge that the driver's license of the Jeep's owner was suspended, the police officer had probable cause to stop and detain the Jeep *(see, People v Larkins,* 116 AD2d 194, 196, *lv denied* 67 NY2d 1054). Having effected a lawful stop for the traffic infractions, the police officer was entitled to order the driver and other occupants out of the car *(see, Pennsylvania v Mimms,* 434 US 106; *People v David L.,* 81 AD2d 893, 895-896 [Hopkins, J. P., and Weinstein, J., dissenting], *revd on dissenting mem* 56 NY2d 698, *cert denied* 459 US 866; *People v Larkins, supra,* at 196). Furthermore, having determined that the driver was Daniel West, whose license was suspended, the officer was fully justified in placing West under arrest and conducting a self-protective frisk *(see, People v Larkins, supra,* at 196).

We disagree, however, with the suppression court's conclusion that there was probable cause to support a search of defendant, who was merely a passenger in the car. Before the

suppression court, the People sought to justify the search of defendant on the basis that he was being placed under arrest for possession of the marihuana found during the search of the driver. The statutory presumption of the Penal Law does not apply, however, where as here, "the controlled substance is concealed upon the person of one of the occupants" of a vehicle (Penal Law § 220.25 [1] [c]). Thus, the officer had no legitimate basis to place defendant under arrest for constructive possession of the marihuana found on the person of West. Moreover, it is clear that the police never arrested the third occupant of the Jeep for possession of marihuana.

The People seek to justify the search of defendant on the basis that the police, having observed a rifle in the Jeep, were justified in patting defendant down to search for other weapons. However, the police had no information that the occupants of the Jeep were armed, nor did the officer approach the vehicle with gun drawn (cf., People v Larkins, supra, at 196). Although it is true that the officer observed a rifle inside the Jeep, he had ordered all of the occupants out of the Jeep and the rifle did not pose any threat to him. In addition, although this was a nighttime search of an automobile, there were two officers present and the search took place outside the police station. Under these circumstances, it cannot be said that the search of defendant was premised upon a reasonable fear that defendant may have been armed (see, People v Larkins, supra, at 196).

The record is clear that the police conduct in searching defendant and questioning him about the property found inside the Jeep constituted one continuous chain of events. Thus, there was no attenuation between the improper search of defendant and his subsequent oral and written statements (see, Wong Sun v United States, 371 US 471, 485; People v Millan, 69 NY2d 514). (Appeal from judgment of Ontario County Court, Reed, J.—burglary, second degree, and other offenses.) Present: Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.