THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN LIPSCOMB, Appellant.

The driver was arrested and defendant and another rear seat passenger were told to exit the vehicle and stand behind it with their hands on the car and their legs spread. An officer then asked defendant to empty his pockets. Defendant re-

moved a handgun from his left pocket, which he dropped on the ground and kicked under the car. Defendant took an envelope, which contained cocaine, from his right pocket and placed it on the car. Defendant was arrested and charged with possession of a weapon and possession of a controlled substance.

Defendant's motion to suppress the gun and the drugs should have been granted. Even assuming that the police properly ordered the driver and passengers out of the vehicle incident to this stop for a Vehicle and Traffic Law violation (see, People v Robinson, 74 NY2d 773, cert denied 493 US 966), the law enforcement officers failed to provide a justification for the frisk of defendant (see, People v Griepsma, 132 AD2d 927, 929). The officers did not observe defendant engage in criminal behavior, nor did they observe any unexplained bulges in defendant's clothing (cf., People v Robinson, 125 AD2d 259, 261, appeal dismissed 69 NY2d 1014), or notice any weapons in plain view in the vehicle (cf., People v Ragland, 156 AD2d 953). Defendant did not act in a furtive manner (cf., People v Benjamin, 51 NY2d 267), and the officers did not have any information that defendant might be armed (cf., People v Larkins, 116 AD2d 194, lv denied 67 NY2d 1054). Moreover, none of the officers indicated that he thought that defendant might be armed and a threat to his safety.

Assuming, arguendo, that the officers were entitled to conduct a protective frisk, they were not entitled to require defendant to empty his pockets. A protective frisk is an intrusion tailored to discover the presence of concealed weapons, usually consisting of a pat-down of a person's outer clothing (see, People v Robinson, 125 AD2d, supra, at 261). A protective frisk "should not be extended beyond its purpose of securing the safety of the officer and preventing an escape" (People v Marsh, 20 NY2d 98, 101; see also, People v Torres, 74 NY2d 224, 226). Here, even if we conclude that the officers were entitled to frisk defendant to ensure themselves that he was not carrying a weapon, they were not entitled to discover everything that he was carrying on his person. We further conclude that defendant did not consent to empty his pockets (cf., People v Gonzalez, 39 NY2d 122, 128), nor did he abandon the gun (see, People v Santiago, 136 AD2d 942, 943). In light of our conclusion, it is unnecessary to reach defendant's remaining argument. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Weapon, 3rd Degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.