■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM BROWN, Appellant. [613 NYS2d 70] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted and indictment dismissed. Memorandum: Defendant contends that evidence seized after a pat-down frisk and statements made following his arrest should have been suppressed because the police lacked sufficient justification for the initial encounter with, and subsequent frisk of, defendant. The police officer had received radio dispatches throughout the day about a man fitting defendant's description who was selling drugs at a specified location. At about 9:40 P.M., the police officer stopped his marked vehicle at the curbside adjacent to defendant, who was standing on the sidewalk talking to another individual known to the officer from a prior drug transaction. The police officer asked them why they were standing there in the cold and whether they were shopping. The officer exited his vehicle and asked defendant to remove his hands from his pockets. Defendant, after hesitating, complied. The officer asked defendant if he was carrying a weapon, and defendant did not respond. The officer then approached defendant and frisked him.

Even assuming that the suppression court properly found that the initial encounter was an appropriate exercise of the officer's common-law right of inquiry (see, People v Landy, 59 NY2d 369, 376), we conclude that the suppression court erred in finding that the pat-down frisk of defendant was justified. The officer had not observed defendant or the individual with

whom he was conversing engaging in any criminal activity. The radio transmission did not indicate that the individual selling drugs was armed or dangerous. The officer did not observe a weapon or a bulge resembling a weapon prior to the frisk. Neither defendant nor his companion made any furtive gestures, acted in a threatening manner, or attempted to walk away. Although the officer testified that he knew both individuals, he did not indicate that such knowledge gave him reason to believe that he was in danger, nor did he testify that he feared for his safety. Under those circumstances, the People failed to establish that the officer reasonably suspected that he was in danger of personal injury (see, CPL 140.50 [3]; *People v Lipscomb,* 179 AD2d 1043, 1044). The physical evidence acquired as the result of the unlawful frisk and statements made by defendant following his arrest must be suppressed. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.