■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. BELDEN, Appellant. [627 NYS2d 110] —Crew III, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered May 5, 1993, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, rape in the first degree (two counts) and coercion in the first degree.

The then eight-year-old victim in this case lived with her grandmother, defendant's paramour, and defendant in his trailer for virtually her entire life. Beginning in December 1989 and continuing through April 1990, defendant committed various acts of physical and sexual abuse upon the victim. Following a jury trial, defendant was convicted of kidnapping in the first degree, two counts of rape in the first degree and coercion in the first degree.

On this appeal defendant contends, *inter alia,* that there was legally insufficient proof to support his conviction of kidnapping in the first degree. We agree. Kidnapping in the first degree requires proof that defendant abducted the victim and restrained her for a period of more than 12 hours with the intent to, *inter alia,* sexually abuse her *(see,* Penal Law § 135.25 [2] [a]). " 'Abduct' means to restrain a person with intent to prevent [her] liberation by either (a) secreting or holding [her] in a place where [she] is not likely to be found, or (b) using or threatening to use deadly physical force" (Penal Law § 135.00 [2]). Additionally, " '[r]estrain' means to restrict a person's movements * * * in such [a] manner as to interfere substantially with [her] liberty * * * without consent" (Penal Law § 135.00 [1]).

There is nothing in the record before us indicating that defendant restrained the infant with intent to prevent her liberation. Indeed, the evidence reveals that she regularly attended school and left the trailer to visit friends and relatives during the relevant time frame contained in the indictment. In short, there is no proof that her movements were

restricted in such a manner so as to interfere substantially with her liberty. Moreover, even assuming such restraint, it was incumbent upon the People to establish that the alleged confinement was accomplished without the consent or acquiescence of her guardian (see, Penal Law § 135.00 [1]), and there is utterly no proof that the victim remained in the trailer against the wishes of her grandmother, who was her legal guardian (cf., People v De Vyver, 89 AD2d 745, 747). Accordingly, defendant's motion, made at the close of the People's proof, to dismiss that count of the indictment charging him with kidnapping in the first degree should have been granted.

Defendant next asserts that County Court erred in failing to grant his pretrial motion to dismiss that count of the indictment charging him with coercion in the first degree. We disagree. Contrary to defendant's assertion, coercion is a crime that can be committed by a series of acts over a period of time and can be characterized as a continuing offense (cf., People v Keindl, 68 NY2d 410, 421). Accordingly, defendant properly was charged with coercion where he continually instilled fear in the victim over a five-month period by threatening that she or her relatives would be injured if she revealed the unlawful acts that he was visiting upon her. We have considered defendant's remaining contentions and find all to be without merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of kidnapping in the first degree; count one of the indictment is dismissed; and, as so modified, affirmed.