■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC WILLIAMS, Respondent. [629 NYS2d 607] —Order unanimously affirmed and indictment dismissed. Memorandum: The People appeal from an order granting the motion of defendant to suppress physical evidence seized from his person during a pat-down frisk. The People contend that the search of defendant's pants pocket was justified because the police reasonably suspected from the frisk that the object in defendant's pocket

was a weapon and that the search was conducted incidental to defendant's arrest. Neither contention was raised before the suppression court, and thus, neither contention has been preserved for our review (*see,* CPL 470.05 [2]; *People v Galak,* 80 NY2d 715, 717, n; *People v Stith,* 69 NY2d 313, 320; *People v Fino,* 24 NY2d 1020). In any event, the evidence does not support either contention. The officer who conducted the frisk did not testify that he believed that the object, a hard ball containing 41 packets of cocaine, was a weapon. The suppression court determined that the object could not reasonably be considered to pose any danger to officer safety. Thus, a further search of defendant's pocket was not justified (*see, People v Diaz,* 81 NY2d 106; *People v Roth,* 66 NY2d 688; *People v Clark,* 213 AD2d 946; *People v Robinson,* 125 AD2d 259, *appeal dismissed* 69 NY2d 1014). Further, the search cannot be justified on the theory that it was contemporaneous with an arrest of defendant for criminal possession of a weapon (*cf., Rawlings v Kentucky,* 448 US 98, 111; *People v Landy,* 59 NY2d 369; *People v Evans,* 43 NY2d 160, 166). The record of the suppression hearing is devoid of proof that defendant was arrested on a weapons charge. (Appeal from Order of Monroe County Court, Smith, J.—Suppress Evidence.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.