■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL JOHNSON, III, Appellant. [716 NYS2d 493] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that Supreme Court erred in denying his motion to suppress drugs, a gun, and various incriminating oral statements of defendant on Fourth Amendment and/or *Miranda* grounds. The court erred in denying suppression of the drugs. In the absence of particularized suspicion or any grounds on the part of the officer to fear for his safety or that of his fellow officers, the officer lacked any justification for searching the pocket of defendant's pants (*see, Terry v Ohio*, 392 US 1; *People v Diaz*, 81 NY2d 106, 109; *People v Bryant*, 245 AD2d 1010, 1012-1013; *People v Brown*, 204 AD2d 994). Further, the court erred in refusing to suppress, on Fourth Amendment grounds, the oral admission of defendant concerning his ownership of the pants. That statement was the unattenuated by-product of the illegal search of defendant's pants and the seizure of the drugs (*see, Brown v Illinois*, 422 US 590, 604-605; *Wong Sun v United States*, 371 US 471, 484-488). Further, the statement must be suppressed because it was the product of custodial interrogation, not preceded by *Miranda* warnings, and not justified under the public safety exception to the *Miranda* rule (*see generally, New York v Quarles*, 467 US 649, 655-657; *People v Chestnut*, 51 NY2d 14, 23, n 8, *cert denied* 449 US 1018; *People v Huffman*, 41 NY2d 29, 34-35).

The court properly denied, however, defendant's motion to suppress the gun, which was seized by police in plain view (*see, People v Funches*, 89 NY2d 1005, 1007, *rearg denied* 90 NY2d 889) during a search of the apartment to which the tenant consented (*see, People v Kemp*, 273 AD2d 806; *People v Cruz*, 272 AD2d 922, *lv granted* 95 NY2d 859). Further, the court properly denied suppression of defendant's statements concerning the gun. Those statements followed the giving of *Miranda* warnings, and were attenuated from any taint resulting from

the preceding violations of the Fourth Amendment and *Miranda* rule (*see, New York v Harris,* 495 US 14, 19; *Oregon v Elstad,* 470 US 298, 314-318; *cf., Brown v Illinois, supra,* at 604-605).

Thus, we modify the judgment by granting defendant's motion in part and suppressing the drugs and the oral admission of defendant concerning his ownership of the pants, reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing count two of the indictment. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.