██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMMIE L. HAYNES, Appellant. [825 NYS2d 627]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 23, 2005. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]), defendant contends that the police unlawfully stopped his motor vehicle and that County Court therefore erred in refusing to suppress the fruits of that unlawful stop. We reject that contention. The police officer who stopped the vehicle was aware that defendant had recently been ticketed for unlicensed operation of a motor vehicle, and that knowledge gave the officer the requisite level of suspicion to justify the stop of defendant's vehicle (*see People v Gales*, 187 AD2d 606 [1992], *lv denied* 81 NY2d 788 [1993]; *see also People v Griepsma*, 132 AD2d 927, 928 [1987]). While a computer check would have confirmed the status of defendant's license (*see People v Clark*, 227 AD2d 983, 984 [1996]), we cannot conclude under the circumstances of this case that a computer check was necessary inasmuch as the ticket for unlicensed operation of a motor vehicle was issued close in time to the stop of defendant's vehicle.

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contentions that prosecutorial misconduct warrants reversal; that the court failed to conduct a proper inquiry into alleged juror misconduct; that the prosecutor lacked a good faith basis for his cross-examination of a defense witness; that the breathalyzer test results were improperly admitted in evidence at trial; and that a preliminary breath test was administered in violation of Vehicle and Traffic Law § 1194 (1) (b). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to the further contention of defendant, the court properly denied his motion to set aside the verdict without conducting a hearing because the grounds raised by defendant in support of the motion would not require reversal as a matter of law (*see* CPL 330.30 [1]; 330.40 [2] [e]).

Defendant further contends that he was denied effective assistance of counsel. Although many of defendant's present contentions concerning defense counsel's failure to object to the admissibility of certain evidence or to alleged prosecutorial misconduct have not been preserved for our review, we note that, in any event, defendant has not established that he was thereby denied effective assistance of counsel (*see e.g. People v Johnson*, 30 AD3d 1042, 1044 [2006], *lv denied* 7 NY3d 790 [2006]; *People v Anderson*, 24 AD3d 460 [2005], *lv denied* 6 NY3d 831 [2006]). Defendant has also "failed to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's alleged failures in representation" (*People v Bennett*, 31 AD3d 780, 781 [2006]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.