■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY WHITE, Appellant. [877 NYS2d 555]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 19, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]). Defendant's waiver of the right to appeal was knowing and voluntary (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Seaberg*, 74 NY2d 1, 11 [1989]), and that valid waiver encompasses defendant's challenges to the severity of the sentence (*see Lopez*, 6 NY3d at 256) and the factual sufficiency of the plea allocution (*see People v Spikes*, 28 AD3d 1101 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]). We note, however, that Supreme Court's suppression ruling was expressly excluded from defendant's waiver of the right to appeal (*see generally People v Kemp*, 94 NY2d 831, 833 [1999]), and thus defendant's challenge to the suppression ruling is properly before us. Nevertheless, we reject that challenge. Defendant contends that the identification of him by two witnesses should have been suppressed because the photo arrays from which the identifications were made were unduly suggestive. Although there are slight differences between defendant's hair, including defendant's facial hair, and the hair of the other persons depicted in the photo arrays, the physical characteristics of defendant and the other persons depicted were otherwise sufficiently similar. Thus, it cannot be said that the viewer's attention was " 'drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection' " (*People v Kirkland*, 49 AD3d 1260, 1261 [2008], *lv denied* 10 NY3d 961 [2008]). We reject defendant's further contention that the police should have included another person's photograph in the photo arrays based on the fact that the victim had indicated in an earlier identification procedure that he was "70 percent" sure that the other person was involved in the robbery. The police had obtained information subsequent to that earlier identification that eliminated that person as a suspect, and the police are not required to include a photograph of a person who has been ruled out as a suspect (*see People v Hakeem*, 210 AD2d 16 [1994], *lv denied* 85 NY2d 973, 87 NY2d 902 [1995]; *People v Woodward*, 156 AD2d 196 [1989], *lv denied* 75 NY2d 926 [1990]).

We further reject the contention of defendant that his plea was not voluntarily entered and that the court therefore erred in denying his motion to withdraw his plea. The record establishes that the plea was voluntarily entered, and there are no statements in the plea allocution that cast doubt upon defendant's guilt (*see People v Seeber*, 4 NY3d 780, 781-782 [2005]; *People v Worthy*, 46 AD3d 1382 [2007], *lv denied* 10 NY3d 773 [2008]). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.