■ The People of the State of New York, Respondent, v Donnell Pruitt, Appellant. [11 NYS3d 148]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.),

rendered October 22, 2010, convicting defendant, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The testimony at issue on appeal to which defendant objected at trial on hearsay grounds was properly admitted, not for its truth, but for legitimate nonhearsay purposes (*see People v Tosca*, 98 NY2d 660 [2002]). Defendant's other hearsay claims, and his claim that the various evidence at issue was inadmissible under the Confrontation Clause, are unpreserved (*see People v Kello*, 96 NY2d 740, 743-744 [2001]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. As to all of the claims, whether preserved or not, we conclude that the evidence was admissible for nonhearsay purposes (*see Tennessee v Street*, 471 US 409, 414 [1985]), and that, in any event, any constitutional or state-law errors were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). None of the evidence at issue directly incriminated defendant or implied that nontestifying declarants had done so, all the evidence was cumulative to essentially similar nonhearsay evidence or was insignificant, and there was overwhelming evidence of defendant's guilt, including persuasive forensic evidence.

Defendant's claim that the court unduly restricted his cross-examination of the People's witnesses is unpreserved because defendant did not make offers of proof that articulated the bases for admissibility he asserts on appeal (*see People v George*, 67 NY2d 817, 819 [1986]), including his constitutional arguments (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find that in each alleged instance of improper curtailment, the court acted within its wide latitude to impose reasonable limits on cross-examination in order to avoid repetition, confusion and focus on collateral matters, and that defendant's right to confront witnesses and present a defense was not impaired (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]; *People v Corby*, 6 NY3d 231, 234 [2005]). In any event, to the extent there were any errors in this regard, we find them harmless in light of the overwhelming evidence of defendant's guilt.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.