■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN SOLIVAN, Appellant. [68 NYS3d 253]—

Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered August 16. 2016. The

judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court (Piampiano, J.) erred in refusing to suppress physical evidence seized from his person and a vehicle in which he had been located. As the People correctly concede, the court erred in refusing to suppress the evidence.

With respect to the marihuana seized from defendant's pocket, we agree with defendant that the police officer lacked any basis upon which to search defendant's person. The police officer observed defendant sitting inside a parked vehicle lacking a valid inspection. The officer approached the vehicle and, upon seeing a kitchen knife on the floorboard of the vehicle, asked defendant to exit the vehicle. Without any further provocation from defendant, the officer conducted a search of defendant's person, discovering a small amount of marihuana in defendant's pocket. That search was unlawful for a variety of reasons.

First, the search cannot be justified as a frisk for officer safety inasmuch as there was no evidence that, after defendant exited the vehicle, the officer "reasonably suspected that defendant was armed and posed a threat to [the officer's] safety" (*People v Fagan*, 98 AD3d 1270, 1271 [4th Dept 2012], *lv denied* 20 NY3d 1061 [2013], *cert denied* 571 US —, 134 S Ct 262 [2013]; *see People v Lipscomb*, 179 AD2d 1043, 1044 [4th Dept 1992]; *cf. People v Carter*, 109 AD3d 1188, 1189 [4th Dept 2013], *lv denied* 22 NY3d 1087 [2014]). Second, even assuming, arguendo, that the officer was entitled to conduct a protective frisk, we conclude that he was not entitled to search defendant's pockets. "A protective frisk is an intrusion tailored to discover the presence of concealed weapons, usually consisting of a patdown of a person's outer clothing. [It] 'should not be extended beyond its purpose of securing the safety of the officer and preventing an escape' " (*Lipscomb*, 179 AD2d at 1044 [citations omitted], quoting *People v Marsh*, 20 NY2d 98, 101 [1967]). Where, as here, there is no evidence that the officer believed that the individual's pockets contained weapons, the search of

those pockets is unlawful (*see People v Diaz*, 81 NY2d 106, 109 [1993]; *People v Williams*, 217 AD2d 1007, 1007-1008 [4th Dept 1995]; *Lipscomb*, 179 AD2d at 1044).

At the suppression hearing, the officer justified his search of defendant's person and pockets on the ground that he was going to be placing defendant in the police vehicle and he searched "everybody" and "anybody" that was going to be placed inside his vehicle. The officer's position lacks merit. "Although a police officer may reasonably pat down a person before he [or she] places [that person] in the back of a police vehicle, the legitimacy of that procedure depends on the legitimacy of placing [the person] in the police car in the first place" (*People v Kinsella*, 139 AD2d 909, 911 [4th Dept 1988]; *see People v Richards*, 151 AD3d 1717, 1719 [4th Dept 2017]). Here, as in *Richards*, the People failed to establish the legitimacy of placing defendant in the patrol vehicle. The officer lacked any suspicion, let alone a reasonable one, "that a crime ha[d] been, [was] being, or [was] about to be committed" (*People v Martinez*, 80 NY2d 444, 447 [1992]). At most, the evidence established that the unidentified owner of the vehicle had committed a *parking violation* (Vehicle and Traffic Law § 306 [b]).

"There is no question . . . that a police officer is not authorized to conduct a search every time he [or she] stops a motorist for speeding or some other ordinary traffic infraction" (*Marsh*, 20 NY2d at 100) and, "without more[,] a mere custodial arrest for a traffic offense will not sustain a contemporaneous search of the person" (*People v Weintraub*, 35 NY2d 351, 353 [1974], citing *People v Adams*, 32 NY2d 451, 455 [1973], and *Marsh*, 20 NY2d at 101-102; *cf. People v Troiano*, 35 NY2d 476, 478 [1974]). If such conduct is not authorized for a traffic offense, then it cannot be authorized for the lesser offense of a parking violation.

We likewise agree with defendant that the court erred in refusing to suppress the physical evidence found inside the uninspected vehicle inasmuch as the People failed to establish that the purported inventory search was valid (*see People v Johnson*, 1 NY3d 252, 255-257 [2003]). Even if we were to conclude that the uninspected vehicle could be impounded and subjected to an inventory search, a questionable proposition at best, the People failed to establish the existence of any departmental policy concerning inventory searches or that the officer properly conducted the search in compliance with established and standardized procedures (*see id.* at 256; *see also People v Gomez*, 13 NY3d 6, 10-11 [2009]).

In light of our conclusion that the court should have granted

those parts of defendant's omnibus motion seeking to suppress the physical evidence obtained as a result of the illegal search of defendant's person and the uninspected vehicle, defendant's guilty plea must be vacated (*see People v Stock*, 57 AD3d 1424, 1425 [4th Dept 2008]). Further, because our conclusion results in the suppression of all evidence in support of the crimes and violation charged, the indictment must be dismissed (*see id.*). Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.