People v Serrano (2021 NY Slip Op 04438)





People v Serrano


2021 NY Slip Op 04438


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


343 KA 20-01475

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER L. SERRANO, ALSO KNOWN AS JENNIFER SERRANO, ALSO KNOWN AS JENNIFER LYNN BUMPUS SERRANO, DEFENDANT-APPELLANT. 






LOTEMPIO & BROWN, P.C., BUFFALO (JACK M. SANCHEZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered August 19, 2019. The judgment convicted defendant upon a jury verdict of vehicular manslaughter in the second degree, leaving the scene of an incident resulting in death without reporting, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, vehicular manslaughter in the second degree (Penal Law § 125.12 [1]) and leaving the scene of an incident resulting in death without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [ii]). Defendant failed to preserve for our review her challenge to the legal sufficiency of the evidence supporting the conviction of leaving the scene of an incident resulting in death without reporting inasmuch as she moved for a trial order of dismissal on grounds different from those raised on appeal (see People v Scott, 61 AD3d 1348, 1349 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that defendant's contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that the verdict is against the weight of the evidence. Regarding the count of leaving the scene of an incident resulting in death without reporting, defendant acknowledges that the evidence at trial established that she was operating a motor vehicle that struck and killed the victim, and that she did not report the incident to the police. Defendant nevertheless contends that the verdict is against the weight of the evidence with respect to that count because she did not "know[ ] or have cause to know that personal injury has been caused to another person," so as to trigger her responsibility to report the incident (Vehicle and Traffic Law § 600 [2] [a]). On the night of the incident, defendant was driving on a narrow, unlit road with a passenger in her vehicle. The passenger testified at trial that she and defendant had been drinking alcohol since that afternoon, and that defendant had consumed a minimum of 16 alcoholic beverages, and possibly significantly more, over the course of the day. Defendant drove past a group of pedestrians walking on the opposite side of the road, then realized she was on the wrong road and turned the vehicle around. Shortly after defendant turned around, the passenger looked up and saw significant damage to the vehicle's windshield and passenger side mirror. The passenger testified that she did not see or hear an impact, but that she had been concentrating on her phone and there was loud music playing in the vehicle. The passenger asked defendant, "what happened? What did you hit?" Defendant did not respond to the questions, instead stating that they needed to get to the friend's house where they intended to stay the night. The victim's friends testified at trial that they did not witness the impact, but that the [*2]victim had run ahead of the group shortly before the collision and that they heard a loud noise soon after the victim ran ahead.
The victim's body was found the following morning in a cornfield alongside the collision site. The evidence at trial established that the victim's head struck the lower corner of defendant's windshield on the passenger side and that the victim was standing when he was struck. The People also presented the testimony of expert witnesses that, although the road was unlit and the victim was dressed in a dark shirt, the victim would nevertheless have been visible from a reasonable distance for defendant to avoid a collision. The experts' testimony was consistent with testimony from the victim's friends, who said that most of the cars passing them seemed to see them from a distance and give them a wide berth. Inasmuch as the passenger testified that she was not aware that the vehicle struck a person until the following day and the evidence from the crash data reporter on defendant's vehicle did not record any driving abnormalities such as heavy braking or a significant change in velocity that would be indicative of an impact, we agree with defendant that a different verdict would not have been unreasonable (see generally People v Danielson, 9 NY3d 342, 348 [2007]). Nevertheless, viewing the evidence in light of the elements of leaving the scene of an incident resulting in death without reporting as charged to the jury (id. at 349), we conclude that, upon weighing the " 'relative strength of conflicting inferences that may be drawn from the testimony,' " the jury did not fail to give the evidence the weight it should be accorded (People v Bleakley, 69 NY2d 490, 495 [1987]).
With respect to the count of vehicular manslaughter in the second degree, defendant concedes that she consumed alcohol and that her vehicle struck and killed the victim, but she contends that the verdict is against the weight of the evidence because the People failed to establish that she was intoxicated or impaired or that as a result of such intoxication or impairment she operated her vehicle in a manner that caused the victim's death (see Penal Law § 125.12 [1]). We reject that contention. The People established that defendant was intoxicated by presenting the testimony of a sheriff's deputy who, shortly after the collision, arrested defendant for an unrelated traffic incident. The sheriff's deputy testified that he could smell alcohol on defendant's breath, her speech was slurred, and her eyes were bloodshot and glassy, and the jury was shown a 27-minute recording from the deputy's body camera, which depicted defendant failing several field sobriety tests and refusing to take a breath test (see People v Gonzalez, 90 AD3d 1668, 1669 [4th Dept 2011]; People v Curkendall, 12 AD3d 710, 713 [3d Dept 2004], lv denied 4 NY3d 743 [2004]; People v Kraft, 278 AD2d 591, 591-592 [3d Dept 2000], lv denied 96 NY2d 864 [2001]). With respect to causation, under Penal Law § 125.12, "once it is established that the defendant was unlawfully [intoxicated] while operating the vehicle, there [is] a rebuttable presumption that, as a result of such [intoxication], [the defendant] operated the motor vehicle . . . in a manner that caused such death" (People v Drouin, 115 AD3d 1153, 1154-1155 [4th Dept 2014], lv denied 23 NY3d 1019 [2014] [internal quotation marks and emphasis omitted]; see § 125.12; People v Mojica, 62 AD3d 100, 108-109 [2d Dept 2009], lv denied 12 NY3d 856 [2009]). That statutory presumption was properly applied in this case (see People v Davis, 112 AD3d 959, 961 [2d Dept 2013], lv denied 22 NY3d 1155 [2014]). Furthermore, although the victim was also intoxicated at the time that he was struck by defendant's vehicle, a defendant may be held criminally responsible for a homicide, even if his or her conduct was not the sole cause of death, as long as the defendant's actions were a "sufficiently direct cause" of death by "set[ting] in motion" the events that resulted in the death (People v DaCosta, 6 NY3d 181, 184 [2006] [internal quotation marks omitted]; see Davis, 112 AD3d at 960-961). Viewing the evidence in light of the elements of vehicular manslaughter in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), and giving deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Bleakley, 69 NY2d at 495), we conclude that the verdict with respect to that crime is not against the weight of the evidence.
We reject defendant's contention that County Court erred in allowing the rebuttal testimony of two expert witnesses regarding the victim's location when he was struck by defendant's vehicle. The rebuttal testimony was properly admitted in evidence because it was offered to contradict the testimony of defendant's expert that the victim was in the driving lane when he was struck, and the location of the victim was not an affirmative fact that the People were required to prove (see People v Harris, 57 NY2d 335, 345 [1982], cert denied 460 US 1047 [1983]; People v Clabeaux, 277 AD2d 988, 988 [4th Dept 2000], lv denied 96 NY2d 781 [*3][2001]). Moreover, even assuming, arguendo, that the testimony was "not technically of a rebuttal nature," we nevertheless conclude that the court did not abuse its discretion in allowing that testimony pursuant to CPL 260.30 (7) (Harris, 57 NY2d at 345; see People v O'Connor, 21 AD3d 1364, 1366 [4th Dept 2005], lv denied 6 NY3d 757 [2005]).
Defendant's contentions that prosecutorial misconduct warrants reversal because the prosecutor improperly called a town justice as an expert witness and the prosecutor lacked a good faith basis for his cross-examination of the defense's expert are unpreserved for our review (see CPL 470.05 [2]; see generally People v Haynes, 35 AD3d 1212, 1213 [4th Dept 2006], lv denied 8 NY3d 946 [2007]). In any event, those contentions are without merit inasmuch as "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Kerce, 140 AD3d 1659, 1660 [4th Dept 2016], lv denied 28 NY3d 1028 [2016] [internal quotation marks omitted]).
The People correctly concede that, during summation, the prosecutor improperly inferred that the defense expert had lied and mischaracterized the expert's testimony regarding his membership in certain professional organizations. Although we conclude that reversal is not warranted on those grounds, we nevertheless take this opportunity to admonish the prosecutors and remind them that "prosecutors have 'special responsibilities . . . to safeguard the integrity of criminal proceedings and fairness in the criminal process' " (People v Huntsman, 96 AD3d 1387, 1388 [4th Dept 2012], lv denied 20 NY3d 1099 [2013], quoting People v Santorelli, 95 NY2d 412, 421 [2000]). We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court