People v Mencel (2022 NY Slip Op 03583)

People v Mencel

2022 NY Slip Op 03583

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

55 KA 17-02069

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA A. MENCEL, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 31, 2017. The judgment convicted defendant upon a jury verdict of kidnapping in the first degree (two counts), coercion in the first degree, unlawful imprisonment in the first degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of kidnapping in the first degree (Penal Law § 135.25 [2] [a], [c]), and one count each of coercion in the first degree (§ 135.65 [1]), unlawful imprisonment in the first degree (§ 135.10), and assault in the third degree (§ 120.00 [1]).
We reject defendant's contention that the evidence is legally insufficient to support the conviction of two counts of kidnapping in the first degree. A conviction is supported by legally sufficient evidence "when, viewing the facts in a light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proven beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007], quoting People v Acosta, 80 NY2d 665, 672 [1993]). A defendant is guilty of kidnapping in the first degree when the defendant "abducts another person and when . . . [the defendant] restrains the person abducted for a period of more than twelve hours with intent to . . . [i]nflict personal injury upon [the victim]" (Penal Law § 135.25 [2] [a]) or "[t]errorize [the victim]" (§ 135.25 [2] [c]). As relevant here, to " '[a]bduct' " someone "means to restrain a person with intent to prevent his [or her] liberation by . . . secreting or holding him [or her] in a place where he [or she] is not likely to be found" (§ 135.00 [2] [a]; see People v Gonzalez, 80 NY2d 146, 150 [1992]; People v Vail, 174 AD3d 1365, 1367 [4th Dept 2019]). Contrary to defendant's contention, the evidence is legally sufficient to support all of the elements of both charged counts of kidnapping in the first degree (see People v Ehinger, 152 AD2d 97, 101 [1st Dept 1989], lv denied 75 NY2d 812 [1990]). Although defendant contends that the People failed to establish that the victim had been abducted because the evidence showed that the victim was being held in a bedroom in her home, we conclude that "[t]he degree of likelihood or unlikelihood of discovery of the victim's hiding place simply presented a factual question for the jury to resolve in light of all the circumstances of the abduction and restraint, and is not susceptible to disposition as a matter of law on this record" (id.). Defendant failed to preserve for our review his remaining challenges to the legal sufficiency of the evidence with respect to the counts of kidnapping in the first degree inasmuch as those specific contentions were not raised in his motion for a trial order of dismissal (see People v Serrano, 196 AD3d 1134, 1134 [4th Dept 2021], lv denied 37 NY3d 1061 [2021], reconsideration denied 38 NY3d 930 [2022]; see generally People v Gray, 86 NY2d 10, 19 [1995]). Moreover, viewing the evidence in light of the elements of the crimes of which defendant was convicted as charged to the jury (see Danielson, 9 NY3d at 349), we further conclude that the verdict is not against the weight of the [*2]evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We further reject defendant's contention that the count charging him with coercion in the first degree (Penal Law § 135.65 [1]) was rendered duplicitous by the testimony at trial. "[T]he rule against duplicitous counts of an indictment 'does not apply to continuing crimes' " (People v Errington, 121 AD3d 1553, 1554 [4th Dept 2014], lv denied 25 NY3d 1163 [2015]; see People v Dalton, 27 AD3d 779, 781 [3d Dept 2006], lv denied 7 NY3d 754 [2006], reconsideration denied 7 NY3d 811 [2006]). Contrary to defendant's contention, "coercion is a crime that can be committed by a series of acts over a period of time and can be characterized as a continuing offense" (People v Belden, 215 AD2d 889, 890 [3d Dept 1995], lv denied 86 NY2d 840 [1995]; see generally People v First Meridian Planning Corp., 86 NY2d 608, 615-616 [1995]). Thus, the charge of coercion in the first degree as a continuing crime was not rendered duplicitous by evidence establishing that defendant instilled fear in the victim over a one-month period by inflicting physical and verbal abuse, as well as threatening to have her arrested or institutionalized if she failed to comply with his commands.
Defendant further contends that he was deprived of a fair trial due to several improper evidentiary rulings. We conclude that Supreme Court did not abuse its discretion in admitting into evidence text messages sent on July 6 and August 25, 2016 (see generally People v Lofton, 256 AD2d 1180, 1180 [4th Dept 1998], lv denied 93 NY2d 854 [1999]), inasmuch as the identity of the senders and receivers of the messages was sufficiently authenticated by the content of the text messages (see People v Green, 107 AD3d 915, 916 [2d Dept 2013], lv denied 22 NY3d 1088 [2014]; see generally People v Patterson, 93 NY2d 80, 84-85 [1999]). To the extent that the court may have erred in admitting in evidence text messages dated August 2, 2016 on the ground that it is unclear whether defendant was a sender or receiver of those text messages, we conclude that any error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]; Lofton, 256 AD2d at 1180-1181).
Further, the court did not err in permitting the People to introduce into evidence letters written between the victim and the codefendants. The letters were introduced, not for the truth of the matters asserted within, but for the purpose of showing the jury the states of mind of defendant and the codefendants (see People v Ricco, 56 NY2d 320, 328 [1982]; see generally People v Arnold, 147 AD3d 1327, 1328 [4th Dept 2017], lv denied 29 NY3d 996 [2017]; People v Loria, 190 AD2d 1006, 1006 [4th Dept 1993]). In any event, any alleged error in the admission of the letters is harmless (see generally Crimmins, 36 NY2d at 241-242). Indeed, the information contained within those letters is largely cumulative of the victim's testimony and the communications by defendant that were admitted in evidence (see People v Villalona, 145 AD3d 625, 626 [1st Dept 2016], lv denied 29 NY3d 953 [2017]; People v Pruitt, 129 AD3d 517, 518 [1st Dept 2015], lv denied 26 NY3d 970 [2015]).
Nor did the court abuse its discretion in permitting the People to introduce into evidence the order of protection obtained by one of the codefendants against the victim (see generally People v Barnes, 109 AD2d 179, 184 [4th Dept 1985]; People v Ahearn, 88 AD2d 691, 692 [3d Dept 1982]). The order of protection was relevant to the issues at trial inasmuch as it supported the People's theory that defendant's motivation for committing the crimes against the victim was a desire to interfere with the victim's custody of her two-year-old daughter (see generally People v Frumusa, 29 NY3d 364, 370 [2017], rearg denied 29 NY3d 1110 [2017]; People v Ayala, 298 AD2d 397, 398 [2d Dept 2002], lv denied 99 NY2d 555 [2002]).
We reject defendant's contention that the court erred in permitting a psychiatric assistance officer to provide testimony describing a conversation with the victim under the prompt outcry exception to the hearsay rule. " '[P]romptness is a relative concept dependent on the facts' " of the case (People v Rosario, 17 NY3d 501, 512-513 [2011], quoting People v McDaniel, 81 NY2d 10, 17 [1993]). Given the emotional and physical abuse suffered by the victim, we conclude that the victim's statements to the psychiatric assistance officer were made "at the first suitable opportunity" (People v Rath, 192 AD3d 1600, 1601 [4th Dept 2021], lv denied 37 NY3d 959 [2021]), and we therefore reject defendant's contention that the outcry was not sufficiently prompt (see People v Shelton, 307 AD2d 370, 371 [2d Dept 2003], affd 1 NY3d 614 [2004]; People v Reyes, 143 AD3d 414, 414 [1st Dept 2016], lv denied 28 NY3d 1126 [2016]; People v Cridelle, 112 AD3d 1141, 1143-1144 [3d Dept 2013]).
Defendant further contends that he was denied a fair trial due to prosecutorial misconduct during summation. With respect to the sole instance of prosecutorial misconduct to which defendant objected with "a specification of the basis for the objection" sufficient to preserve the issue for our review (People v Beggs, 19 AD3d 1150, 1151 [4th Dept 2005], lv denied 5 NY3d 803 [2005]), the court sustained the objection and issued a curative instruction. Inasmuch as "[d]efendant did not request further curative instructions or move for a mistrial with respect to th[at] objection[,] . . . the court must be deemed to have corrected the error[] to the defendant's satisfaction" (People v Duell, 124 AD3d 1225, 1229 [4th Dept 2015], lv denied 26 NY3d 967 [2015] [internal quotation marks omitted]).
Defendant's sentence is not unduly harsh or severe.
Finally, we have reviewed defendant's remaining contentions and conclude that they are either unpreserved or without merit. 
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court