People v Perryman (2025 NY Slip Op 00593)

People v Perryman

2025 NY Slip Op 00593

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

930 KA 23-01872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
DAMONTE PERRYMAN, DEFENDANT-RESPONDENT. 

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR APPELLANT.
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CASEY S. DUFFY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Onondaga County Court (Matthew J. Doran, J.), dated September 7, 2023. The order granted that part of defendant's omnibus motion seeking to suppress physical evidence and statements. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to suppress evidence, specifically drugs and oral statements made by defendant to a New York State Trooper following a traffic stop. We affirm.
After the Trooper stopped defendant's vehicle for a traffic violation, he approached the passenger's side window. When the passenger rolled down the window, the Trooper observed a plume of smoke and smelled burning cannabis. The Trooper ordered defendant driver and the passenger out of the vehicle. While a second Trooper administered field sobriety tests to defendant, the first Trooper searched the vehicle and recovered a quantity of narcotics.
We reject the People's contention that the Trooper had reasonable cause to search the vehicle. Penal Law § 222.05 (3), which was in effect at the time of the vehicle stop, provides in relevant part that, except as provided in subdivision four, "no finding or determination of reasonable cause to believe a crime has been committed shall be based solely on evidence of the following facts and circumstances, either individually or in combination with each other: (a) the odor of cannabis; (b) the odor of burnt cannabis; [or] (c) the possession of or the suspicion of possession of cannabis or concentrated cannabis in the amounts authorized in this article." Penal Law § 222.05 (4) provides that paragraph (b) of subdivision three "shall not apply when a law enforcement officer is investigating whether a person is operating a motor vehicle . . . while impaired by drugs or the combined influence of drugs or of alcohol and any drug or drugs in violation of [Vehicle and Traffic Law § 1192 (4) or (4-a)] . . . During such investigations, the odor of burnt cannabis shall not provide probable cause to search any area of a vehicle that is not readily accessible to the driver and reasonably likely to contain evidence relevant to the driver's condition."
Reading those provisions together, we agree with County Court that the Trooper's search of the vehicle was not authorized. At the time of the search, the Trooper had reasonable cause to believe only that defendant had consumed cannabis inside a vehicle in violation of Vehicle and Traffic Law § 1227, which is a simple traffic infraction that would not support the search of the vehicle (see generally People v Marsh, 20 NY2d 98, 100 [1967]; People v Solivan, 156 AD3d 1434, 1436 [4th Dept 2017]). The Trooper had no basis for believing that defendant was operating a vehicle while impaired by such consumption in violation of Vehicle and Traffic Law [*2]§ 1192 (4) or (4-a) so as to justify the search pursuant to Penal Law § 222.05 (4). The Trooper testified at the suppression hearing that defendant stopped the vehicle immediately and appropriately when directed to do so. He further testified that he did not believe that defendant seemed impaired. Defendant was given field sobriety tests, but the Trooper searched the vehicle before that testing was complete and, in any event, the testing showed that defendant was not impaired. We therefore conclude that Penal Law § 222.05 (3) prohibited the Trooper from relying solely on his detection of burning or burnt cannabis to give him reasonable cause to search the vehicle.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court