People v Ruise (2025 NY Slip Op 05589)

People v Ruise

2025 NY Slip Op 05589

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

667 KA 22-00167

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH RUISE, ALSO KNOWN AS JOSEPH L. RUISE, ALSO KNOWN AS JOSEPH LEE RUISE, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SAROD NORI OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Michael M. Mohun, A.J.), rendered January 24, 2022. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Genesee County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress physical evidence seized from his person following a warrantless search. We agree. Initially, we note that defendant's challenge to the court's suppression ruling is properly before us inasmuch as the suppression ruling was expressly excluded from the scope of defendant's waiver of the right to appeal (see People v White, 61 AD3d 1396, 1397 [4th Dept 2009], lv denied 13 NY3d 750 [2009]; see generally People v Kemp, 94 NY2d 831, 833 [1999]).
The record from the suppression hearing, including the body-worn camera footage, establishes that police officers entered an apartment with the tenant's permission in order to search for a person who was the subject of an active arrest warrant. At the time, defendant was sitting at the kitchen table, apparently asleep or unconscious. The tenant told the officers that defendant had the same first name as the subject of the arrest warrant but was not the person they were looking for. The body-worn camera footage showed that an officer attempted unsuccessfully to wake defendant and thereafter proceeded to search defendant's pockets for his identification. The officer found a cigarette box in defendant's pocket; when he looked into the box, the officer saw that it contained crack cocaine. The officers called an ambulance for defendant, but when the ambulance arrived, the medical personnel were able to wake defendant and determined that he did not need medical care. During his testimony at the suppression hearing, the officer asserted that Mental Hygiene Law § 22.09 permitted him to search defendant inasmuch as he was planning to call an ambulance to transport defendant. The suppression court determined that the officer's search of defendant's person was justified by Mental Hygiene Law § 22.09 and that the search was analogous to a search incident to arrest.
We agree with defendant that the court erred in concluding that the warrantless search of defendant was justified under the circumstances of this case. The People correctly concede that the officer did not believe that defendant had committed a crime before he searched defendant's pockets, and thus the search was not conducted incident to a lawful arrest (see People v Williams, 217 AD2d 1007, 1008 [4th Dept 1995]; see generally People v Reid, 24 NY3d 615, 618-619 [*2][2014]). Moreover, we cannot conclude that the police officer was acting pursuant to Mental Hygiene Law § 22.09 because, contrary to the People's assertion, there was insufficient evidence that defendant was in danger of harming himself or others (see § 22.09 [b] [2]). We therefore conclude that the court erred in refusing to suppress the physical evidence obtained as a result of the illegal search of defendant's person. As a result, we vacate defendant's guilty plea and, because our conclusion results in the suppression of all evidence in support of the crimes charged, the indictment must be dismissed (see People v Solivan, 156 AD3d 1434, 1436-1437 [4th Dept 2017]; People v Stock, 57 AD3d 1424, 1425 [4th Dept 2008]). In light of our determination, we do not address defendant's remaining contentions.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court