People v Boatwright
2026 NY Slip Op 04071
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DELVIN BOATWRIGHT, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
340 KA 23-00941
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 27, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment against defendant is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that Supreme Court erred in refusing to suppress physical evidence, including two handguns, because they were recovered during an unlawful inventory search of the vehicle in which he was a passenger, and therefore reverse.
"An inventory search is exactly what its name suggests, a search designed to properly catalogue the contents of the item searched" (People v Johnson, 1 NY3d 252, 256 [2003]; see People v Douglas, 40 NY3d 385, 388 [2023]). Inventory searches may not be used as "a ruse for a general rummaging in order to discover incriminating evidence" (Johnson, 1 NY3d at 256 [internal quotation marks omitted]) and, unlike a traffic stop, "will be constitutionally invalid where the search was merely a pretext to search for evidence of a crime" (People v Cunningham, 239 AD3d 1418, 1418 [4th Dept 2025]). "Only a lawfully impounded vehicle may be subjected to an inventory search" (People v Mortel, 197 AD3d 196, 215 [2d Dept 2021], lv denied 37 NY3d 1097 [2021]; see People v Tardi, 28 NY3d 1077, 1078-1079 [2016]; People v Walker, 20 NY3d 122, 125-126 [2012]; People v Brundige, 243 AD3d 1329, 1330 [4th Dept 2025], lv denied 44 NY3d 1064 [2026]), and "[t]he People bear the threshold burden of demonstrating that the subject vehicle was lawfully impounded at the time of the inventory search" (Mortel, 197 AD3d at 214; see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]; People v Gray, 234 AD3d 1130, 1131 [3d Dept 2025]).
According to the testimony at the suppression hearing, a Rochester Police Department (RPD) officer initiated a traffic stop of a vehicle he witnessed pass through a red light. As the vehicle slowed and pulled over, an individual exited the back passenger-side door and fled on foot, while repeatedly looking back at the officer and reaching for his waistband. The officer did not pursue the fleeing individual but, instead, approached the two remaining occupants in the vehicle—the driver and defendant, the front-seat passenger. While approaching, the officer observed that the vehicle had a temporary State of Texas paper license plate, which, according to the officer, had been the subject of a recent anti-fraud bulletin issued by the New York State [*2]Police. The driver did not produce any other documentation regarding the vehicle's registration following a request from the officer. As the officer clarified on cross-examination, he concluded, at that time, that the car was not registered solely on his "assum[ption]" that the temporary paper license plate was invalid. As the officer and his body-worn camera footage confirmed, however, he had "no information to verify" whether the temporary paper license plate was, as of that time, invalid. Nonetheless, the officer determined that the vehicle was not roadworthy and would be towed pursuant to RPD policy. The officer then detained defendant and the driver, and proceeded to conduct an inventory search of the vehicle with the assistance of another officer, during which two handguns were recovered.
Based on the evidence, we agree with defendant that the People failed to meet their burden at the suppression hearing of demonstrating that the vehicle was lawfully impounded pursuant to RPD policy at the time of the inventory search inasmuch as the officer was not in possession of information that the vehicle was not registered at the time he decided that it would be towed (see Mortel, 197 AD3d at 216; People v Solivan, 156 AD3d 1434, 1436 [4th Dept 2017]; cf. People v Marasa, 284 AD2d 971, 972 [4th Dept 2001], lv denied 96 NY2d 940 [2001]). Thus, the court erred in refusing to suppress the evidence recovered in the vehicle (see Cunningham, 239 AD3d at 1420; People v Anderson, 203 AD3d 1579, 1579 [4th Dept 2022]). We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress physical evidence, and dismiss the indictment against him.
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court